UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARBOR NETWORKS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM E. RONCA III, RICHARD SHIRLEY, )<br>DOUGLAS FLEMING, JAMES GILL, JAMES )<br>NEEL, JASON MCEACHIN, MICHAEL L. )<br>PORTER, ANDREW HENKART, PAUL )<br>SCANLON, MICHAEL HOLLYMAN, and )<br>RED LAMBDA, INC., )<br>)<br>Defendants. )<br>) | C.A. No. _____ |

**ORDER ON PLAINTIFF ARBOR NETWORKS, INC.'S
MOTION FOR A TEMPORARY RESTRAINING ORDER**

WHEREAS plaintiff Arbor Networks, Inc. ("Arbor" or "Plaintiff") has moved this Court for a temporary restraining order; and

WHEREAS the Court has reviewed and considered the papers and/or arguments of the parties, it is hereby

ORDERED that Plaintiff's Motion for a Temporary Restraining Order is allowed; and it is further

ORDERED that all Defendants, as well as all parties in active concert or participation with them, be preliminarily enjoined until further order of this Court from:

(1) obtaining, retaining, using or disclosing any confidential information, trade secrets, or proprietary information acquired by the Individual Defendants while employed by Arbor;

(2) destroying or altering any property belonging to Arbor; and

(3) destroying or altering any evidence that may be relevant to this matter.

IT IS FURTHER ORDERED that the Defendants and all parties in active concert or participation with them:

(1) submit an accounting to the Court describing any use, disclosure, destruction, or alteration of Arbor's confidential information or other property by them since the time they acquired such information;

(2) preserve and return to counsel for Arbor within three business days of the date of this Order any and all originals, duplicates and/or copies, whether electronic or hard copies, of any documents, records, information, communications, files, lists, data, computer discs, CDs, hard drives, electronically stored data in any form and of any kind, that belongs or belonged to Arbor.

IT IS FURTHER ORDERED that the defendant William E. Ronca, III ("Ronca"), as well as all parties in active concert or participation with him, be preliminarily enjoined until further order of this Court from:

(1) making disparaging or derogatory remarks about Arbor; and

(2) interfering with Arbor's contractual relationships.

IT IS FURTHER ORDERED that the defendants Paul Scanlon ("Scanlon") and Michael Hollyman ("Hollyman"), as well as all parties in active concert or participation with them, be preliminarily enjoined until further order of this Court from:

(1) for twelve (12) months from the date of the termination of their employment with Arbor, directly or indirectly soliciting or participating in soliciting any person, company or entity to purchase or contract for products or services competitive with or similar to products or services offered by, developed by, designed by or distributed by Arbor, including but not limited to products offered by Red Lambda, Inc. ("Red Lambda"), if that person, company or entity was an Arbor customer or potential customer with which they had direct contact or about which they learned confidential information during the 24 months preceding the termination of their employment with Arbor;

(2) for twelve (12) months from the date of the termination of their employment with Arbor, directly or indirectly offering, providing or selling (or participating therein) products or services competitive with or similar to products or services

14663131v.2

offered by, developed by, designed by or distributed by Arbor to any person, company or entity that was an Arbor customer or potential customer with which they had direct contact regarding such products or services at any time during the 24 months preceding the termination of their employment with Arbor, including but not limited to products and services offered by Red Lambda;

(3) for twelve (12) months from the date of the termination of their employment with Arbor, directly or indirectly participating in the planning, research or development of any products or services, competitive with Arbor products or services, for which they had product or service planning, research or development responsibilities during the 24 months preceding the termination of their employment with Arbor, including but not limited to products and services offered by Red Lambda;

(4) for twelve (12) months from the date of the termination of their employment with Arbor, directly or indirectly hiring, soliciting, or encouraging or attempting to persuade any Arbor employee (including any person who was an Arbor employee during the 6 months preceding the termination of Scanlon's or Hollyman's employment with Arbor), who possesses or had access to Arbor's confidential information, to terminate his or her relationship with Arbor; and

(5) making disparaging or derogatory remarks about Arbor.

IT IS FURTHER ORDERED that the defendants James Gill ("Gill"), James Neel ("Neel"), Jason McEachin ("McEachin"), Michael L. Porter ("Porter"), and Andrew Henkart ("Henkart"), as well as all parties in active concert or participation with them, be and hereby are preliminarily enjoined until further order of this Court from:

(1) for twelve (12) months from the date of the termination of their employment with Arbor, directly or indirectly participating in any activity on behalf of any company that develops, manufactures, or markets products or performs services which are competitive with or similar to Arbor's products or services (including those that Arbor has under development or were the subject of active planning at any time during the term of their work with Arbor), including but not limited to Red Lambda;

(2) for twelve (12) months from the date of the termination of their employment with Arbor, directly or indirectly soliciting or encouraging any Arbor customer to terminate or otherwise modify adversely its business relationship with Arbor; and

14663131v.2

(3) for twelve (12) months from the date of the termination of their employment with Arbor, directly or indirectly employing, attempting to employ, recruiting or otherwise soliciting, inducing or influencing any person to leave Arbor's employ.

IT IS FURTHER ORDERED that the defendant Red Lambda, as well as all parties in active concert or participation with it, be and hereby are preliminarily enjoined until further order of this Court from:

(1) continuing to employ defendants Scanlon, Gill, Neel, McEachin, Porter, Henkart, or Hollyman in positions that are substantially similar to those held by them while they were in Arbor's employ;

(2) encouraging, facilitating, or assisting in the Individual Defendants' breaches of their respective agreements with Arbor; and

(3) otherwise interfering with Arbor's contractual relationships.

SO ORDERED.

                                                            _____
                                                            United States District Judge

Dated: _____