UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ARBOR NETWORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. _____ |
| v. | ) | |
| | ) | |
| WILLIAM E. RONCA III, RICHARD SHIRLEY, DOUGLAS FLEMING, JAMES GILL, JAMES NEEL, JASON MCEACHIN, MICHAEL L. PORTER, ANDREW HENKART, PAUL SCANLON, MICHAEL HOLLYMAN, and RED LAMBDA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY

Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, the Plaintiff Arbor Networks, Inc. ("Arbor" or "Plaintiff") hereby respectfully requests leave from this Court to conduct limited, expedited discovery on issues raised in its Motion for Preliminary Injunction. In support of this Motion, Arbor respectfully refers this Court to, and hereby incorporates by reference, its Verified Complaint, Plaintiff's Motion for a Preliminary Injunction, and Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction, filed contemporaneously herewith. Arbor's Verified Complaint is based on the unlawful actions of defendants William E. Ronca, III ("Ronca"), Richard Shirley ("Shirley"), Douglas Fleming ("Fleming"), James Gill ("Gill"), James Neel ("Neel"), Jason McEachin ("McEachin"), Michael L. Porter ("Porter"), Andrew Henkart ("Henkart"), Paul Scanlon ("Scanlon"), Michael Hollyman ("Hollyman") (collectively, the "Individual Defendants"), and Red Lambda, Inc. ("Red Lambda") (collectively with Individual Defendants, "Defendants").

14632978v.2

In further support of this Motion, Arbor states as follows:

1. Arbor brings this action against the Individual Defendants, all former Arbor employees, and their new employer and Arbor competitor, Red Lambda.

2. Arbor brings claims for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*., against Gill and McEachin for their actions in permanently deleting data from Arbor-issued computers after the termination of their employment with Arbor, breach of contract against all Individual Defendants for, *inter alia*, violations of the non-compete and non-solicit provisions of their employment agreements with Arbor, intentional interference with contractual relations against both Ronca and Red Lambda for encouraging or inducing the remaining Individual Defendants to breach their agreements with Arbor, and violation of Mass. Gen. Laws c. 93A against Red Lambda for its intentional interference with Arbor's agreements with the Individual Defendants.

3. Each Individual Defendant executed an employment agreement by which he agreed: a) not to work for any Arbor competitor for a period of twelve months after the termination of his employment with Arbor; b) not to solicit Arbor customers for a period of twelve months after the termination of his employment with Arbor; c) not to solicit Arbor employees for a period of twelve months after the termination of his employment with Arbor; and d) not to use or disclose any of Arbor's confidential or proprietary business information. In addition, Ronca's and Scanlon's agreements prohibited them from making disparaging remarks about Arbor to, among others, Arbor's customers or potential customers.

4. Within two months after Ronca was terminated by Arbor, he accepted employment with Red Lambda and began soliciting Arbor's customers. Upon information and belief, Ronca solicited Arbor's employees to join Red Lambda within the twelve month

restrictive period set forth in his employment agreement with Arbor, and disparaged Arbor to at least one of its customers.

5. Within fourteen months of Ronca's departure, at least nine other Arbor employees have resigned to join Red Lambda. By virtue of emails mistakenly forwarded to defendant Porter's former Arbor email address, Arbor has proof that at least four of the Individual Defendants, including Ronca, have solicited Arbor customers within the twelve month restrictive period set forth in their employment agreements. Arbor can only assume that discovery will reveal that the Individual Defendants have made other contacts with its customers that have not been inadvertently shared with Arbor.

6. In addition to the foregoing, defendants Gill and McEachin have spoliated evidence by permanently deleting all files on Arbor's computers, despite having been reminded on numerous occasions of their obligation to preserve evidence and return Arbor property immediately upon the termination of their relationship with Arbor.

7. Upon information and belief, Red Lambda has directed, encouraged, or facilitated some or all of the Individual Defendants' wrongful actions.

8. Without injunctive relief, the Defendants' wrongful conduct will continue and Arbor's relationships with its customers and employees, as well as its confidential information, will be permanently and irreparably damaged.

9. Arbor seeks to take discovery on an expedited basis so that it can discern the full extent of the Defendants' improper conduct and the harm that it has caused and is continuing to cause to Arbor's business. If Arbor must wait to take discovery in the normal course, it will be forced to present any interim equitable relief claims on an incomplete record and will continue to suffer continued irreparable harm with no interim remedy.

10. Federal Rule of Civil Procedure 26(d) authorizes this Court to enter an Order permitting expedited discovery, particularly in cases involving injunctive relief. *See, e.g., Guest-Tek Interactive Entertainment Inc. v. Pullen,* 731 F. Supp.2d 80, 93 (D. Mass. 2010) (referencing the court's previous order granting expedited discovery); *Bosque v. Wells Fargo Bank, N.A.*, 762 F. Supp.2d 342, 355 (D. Mass. 2011) (granting plaintiff's motion for expedited discovery).

11. Arbor seeks to conduct the following expedited discovery:

   a. Pursuant to Fed. R. Civ. P. 34, inspection and imaging of any and all electronic devices used by the Individual Defendants that may contain Arbor's confidential information, including but not limited to any personal computers, Blackberrys, IPhones, personal data assistants, memory devices, flash drives and other electronic media storage devices, to take place no later than July 27, 2012 (copies of the respective Rule 34 requests for inspection are attached hereto as Exhibits 1 through 10);

   b. The Deposition of Ronca for July 31, 2012 (a copy of the notice is attached hereto as Exhibit 11);

   c. The Deposition of Scanlon for August 1, 2012 (a copy of the notice is attached hereto as Exhibit 12);

   d. The Deposition of Shirley for August 1, 2012 (a copy of the notice is attached hereto as Exhibit 13);

   e. The Deposition of Fleming for August 2, 2012 (a copy of the notice is attached hereto as Exhibit 14);

   f. The Deposition of Gill for August 2, 2012 (a copy of the notice is attached hereto as Exhibit 15);

   g. The Deposition of Neel for August 3 2012 (a copy of the notice is attached hereto as Exhibit 16);

   h. The Deposition of McEachin for August 3, 2012 (a copy of the notice is attached hereto as Exhibit 17);

   i. The Deposition of Porter for August 6, 2012 (a copy of the notice is attached hereto as Exhibit 18);

   j. The Deposition of Henkart for August 6, 2012 (a copy of the notice is attached hereto as Exhibit 19);

k. The Deposition of Hollyman for August 7, 2012 (a copy of the notice is attached here as Exhibit 20);

l. A Rule 30(b)(6) deposition of Red Lambda for July 31, 2012 regarding the subject matter of the employment of the Individual Defendants with Red Lambda, communications that they may have had with employees at Red Lambda regarding Arbor and its proprietary and/or confidential information, and any other information that relates to the allegations contained in the Plaintiff's Verified Complaint (a copy of the 30(b)(6) notice is attached hereto as Exhibit 21); and

m. Limited written discovery to the Defendants (copies of requests for production to the Defendants are attached hereto as Exhibits 22-32).

WHEREFORE, Plaintiff Arbor Networks, Inc. respectfully requests that this Court allow this Motion and enter an order:

a) requiring Defendants to respond to Arbor's written discovery within five (5) days of service;

b) requiring the Individual Defendants to appear for their depositions as set forth above;

c) requiring Red Lambda to produce a corporate 30(b)(6) witness for deposition as set forth above;

d) requiring the Individual Defendants to produce for inspection and imaging, by July 27, 2012, any and all electronic devices used by the Individual Defendants that may contain Arbor's confidential information, including but not limited to any personal computers, Blackberrys, IPhones, personal data assistants, memory devices, flash drives and other electronic media storage devices;

e) requiring Defendants and anyone acting on their behalf to preserve any and all documents, data, information or other evidence in their custody or control that relates in any way to Arbor or that is or may be pertinent to any of the allegations, facts, claims or circumstances set forth in the Verified Complaint, including but not limited to hard copies or electronic files of documents, computer files, hard drive data, ambient data, electronic mail messages, instant messages, contracts, invoices, files, correspondence and phone logs.

A proposed Order is annexed as Exhibit 33.

**REQUEST FOR ORAL ARGUMENT**

Respectfully submitted,

ARBOR NETWORKS, INC.

By its attorneys,

___/s/ *Dawn Mertineit*_____
Katherine E. Perrelli (BBO #549820)
Dawn Mertineit (BBO #669988)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
(617) 946-4800

Dated: July 19, 2012

14632978v.2