UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

ARBOR NETWORKS, INC.,

    Plaintiff,

v.

WILLIAM E. RONCA III, RICHARD SHIRLEY, DOUGLAS FLEMING, JAMES GILL, JAMES NEEL, JASON MCEACHIN, MICHAEL L. PORTER, ANDREW HENKART, PAUL SCANLON, MICHAEL HOLLYMAN, and RED LAMBDA, INC.,

    Defendants.

Civil Action No.: 1:12-cv-11322-NMG

## AFFIDAVIT OF DAVID CARTER

I, David Carter, do hereby state as follows:

1. My name is David Carter. I make this affidavit upon personal knowledge or review of company records, except where stated to be on my information and belief, in which case, I believe such facts to be true.

2. This affidavit is submitted without waiving any defenses, including jurisdictional or venue defenses, that Red Lambda, Inc. ("Red Lambda") may have in this action.

3. I am the Vice Chairman and Chief Financial Officer of Red Lambda, Inc.

4. Red Lambda, Inc. is a Florida corporation with a principal place of business at 2180 West State Road 434, Suite 6184, Longwood, Florida 32779.

5. Red Lambda, Inc. has never had an office in Massachusetts. Red Lambda, Inc., has never had any employees in Massachusetts. Red Lambda, Inc. has no customers in Massachusetts. Red Lambda, Inc. does not do business in Massachusetts. Red Lambda, Inc.

owns no real property in Massachusetts. Red Lambda, Inc. is not registered to do business in Massachusetts.

## EMPLOYMENT OFFERS

6. Each of the individual defendants in this action is an employee of Red Lambda.

7. Each of the individual defendants has worked his entire time for Red Lambda at a location outside of Massachusetts.

8. None of the individual defendants has ever lived in Massachusetts to my knowledge. William E. Ronca III lived for a time in Florida and now resides in New Jersey. Richard Shirley, James Gill, James Neel, and Jason McEachin each lived at all times relevant hereto in Virginia. Doug Fleming used to live in Virginia and now lives in New York. Defendants Michael Porter, Andrew Henkart, Paul Scanlon, and Michael Hollyman lived at all times relevant hereto in Colorado.

9. Red Lambda, Inc. corresponded with and conducted interviews of each of the individual defendants at locations outside of the state of Massachusetts.

10. Red Lambda, Inc. conducted all negotiations for employment agreements with each of the individual defendants outside of Massachusetts.

11. Red Lambda, Inc. had not received copies of the Danaher or Arbor employee agreements from former Arbor employee prior to their becoming employed at Red Lambda.

12. Red Lambda, Inc. extended offers of employment to each of the individual defendants through offer letters that included the following language:

> Red Lambda expects you to abide by any continuing enforceable obligations you may have to prior employers or others. We do not want you to breach any such obligations or to use any confidential trade secret information of any third party in the course of your employment with Red Lambda.

2

13. Red Lambda had no intent to interfere with any valid and binding agreements of any employees.

SIGNED under the penalties of perjury this 25th day of July 2012.

_____
DAVID CARTER

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper or electronic copies will be delivered to those indicated as non-registered participants on July 26, 2012.

/s/ Stephen D. Riden
Stephen D. Riden