UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARBOR NETWORKS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 12-11322-FDS |
| ) | |
| WILLIAMS E. RONCA, III, RICHARD ) | |
| SHIRLEY, DOUGLAS FLEMING, ) | |
| JAMES GILL, JAMES NEEL, JASON ) | |
| McEACHIN, MICHAEL L. PORTER, ) | |
| ANDREW HENKART, PAUL SCANLON, ) | |
| MICHAEL HOLLYMAN, and RED ) | |
| LAMBDA, INC., ) | |
| ) | |
| Defendants. ) | |

## PRELIMINARY INJUNCTION ORDER

SAYLOR, J.

This action involves allegations that ten former employees of plaintiff Arbor Networks, Inc., violated non-competition agreements and otherwise engaged in improper conduct when they left to work for defendant Red Lambda, Inc.  The amended complaint alleges claims for breach of contract, intentional interference with contractual relations, misappropriation of trade secrets and confidential business information, violation of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq.*, and violation of Mass. Gen. Laws ch. 93A, §§ 2 and 11.  On August 7, 2012, this Court held a hearing on the motions of Arbor for a temporary restraining order and for a preliminary injunction.

For the reasons stated on the record in open court at the hearing, the Court finds that the standard for preliminary injunctive relief has been met as to certain claims against defendants

James Gill, Jason McEachin, and Red Lambda, Inc.  In substance, Arbor alleges that Gill and McEachin, either on their own initiative or as agents of Red Lambda, retained unauthorized possession of computers that belonged to Arbor beyond the end of their employment and that they intentionally transferred or destroyed confidential business information contained on those computers.  The Court finds that Arbor is likely to succeed on the merits of the claims based on those actions, that it is likely to suffer irreparable loss if preliminary relief is not granted, that such injury outweighs any harm that such relief will inflict on defendants, and that the public interest will not be adversely affected by such relief.  Preliminary relief restraining further actions of that nature is appropriate.  The motion for preliminary injunction relief is otherwise denied without prejudice to its renewal, in whole or in part, should the circumstances so warrant.

The Court accordingly orders as follows:

Defendants James Gill, Jason McEachin, and Red Lambda, Inc., are hereby preliminarily enjoined from:

1. Obtaining, retaining, using, or disclosing any trade secrets or confidential business or financial information of Arbor Networks, Inc., concerning inventions, engineering data, software programs, algorithms, formulae, works of authorship, customer and supplier lists and accounts, pricing and costing methods, projects, plans, proposals, non-public financial information, and product developments that were acquired by the individual defendants while they were employed by Arbor;

2. Destroying or altering any property belonging to Arbor Networks, Inc., including, but not limited to, any computer hardware or any digital data contained thereon; and

3. Destroying, altering, deleting, or otherwise spoliating any data containing information belonging to Arbor Networks, Inc.; any data concerning the circumstances of the departure of any of the individual defendants from employment at Arbor; or any data containing information that may otherwise be relevant to this lawsuit.

This preliminary injunction shall take effect upon the posting with the Court of a bond by Arbor Networks, Inc., in the amount of $10,000.

This preliminary injunction order shall remain in effect until the conclusion of the trial in this matter, unless otherwise ordered by the Court. It may be extended, modified, or dissolved by the Court for good cause shown upon appropriate motion by any party.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: at Boston, Mass., August 8, 2012, at 10:08 a.m.