UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARBOR NETWORKS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-11322-FDS |
| | ) | |
| v. | ) | |
| WILLIAM E. RONCA, III, RICHARD | ) | |
| SHIRLEY, DOUGLAS FLEMING, | ) | |
| JAMES GILL, JAMES NEEL, | ) | |
| JASON MCEACHIN, MICHAEL L. | ) | |
| PORTER, ANDREW HENKART, | ) | |
| PAUL SCANLON, MICHAEL | ) | |
| HOLLYMAN, and RED LAMBDA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION TO REMOVE DEFENDANT
## RED LAMBDA, INC. FROM THE PRELIMINARY INJUNCTION

Defendant Red Lambda, Inc. ("Red Lambda") moves this Court to remove Red Lambda from the preliminary injunction order entered in this case on August 8, 2012 [Dkt. 67] (the "Injunction Order").  In support, Red Lambda states as follows:

## I.     INTRODUCTION

In the Injunction Order, this Court found a likelihood of success on the merits of Plaintiff's claims against Mr. McEachin, Mr. Gill, and Red Lambda that were based on Arbor's allegation that "Gill and McEachin either on their own initiative or as agents of Red Lambda, retained unauthorized possession of computers that belonged to Arbor beyond the end of their employment and that they intentionally transferred or destroyed confidential business information on those computers."  (Injunction Order at 2.)  Red Lambda asks that this injunction be modified to omit Red Lambda from its effect because:

- The Injunction Order is premised solely on what Messrs. McEachin and Gill did with their Arbor computers.  As such, Messrs. McEachin and Gill were acting on

24385639.1

their own – not on behalf of Red Lambda – so no basis exists for vicarious liability on the part of Red Lambda; and

- There is no evidence tying Messrs. McEachin and Gill's alleged conduct – the retention and subsequent deletion of data from an Arbor computer – to Red Lambda (indeed, their deletion of Arbor data from an Arbor computer, by its nature, could not have benefited Red Lambda).  Instead, Arbor relies solely upon speculative and conclusory allegations stated upon "information and belief," for example: "Upon information and belief, Red Lambda has benefited from Gill's and McEachin's misappropriation of Arbor's confidential information and trade secrets." (Am. Compl. ¶ 153).

Based on the foregoing, as further discussed below, the Injunction Order should be modified to omit Red Lambda.

## II.   **RELEVANT FACTS**

When Mr. Gill and Mr. McEachin were hired by Red Lambda, both were given offer letters stating that Red Lambda did not want them "to use any confidential trade secret information of any third party in the course of [their] employment with Red Lambda."  (Carter Aff. ¶ 8.)[1]  When they came to work for Red Lambda, Mr. Gill and Mr. McEachin were issued Red Lambda Apple computers to conduct Red Lambda business.  (Carter Aff. ¶ 12.)

To the best of Red Lambda's knowledge, neither Mr. Gill nor Mr. McEachin transferred any Arbor data to Red Lambda's computer system, and neither Mr. Gill nor Mr. McEachin used any Arbor data in their employment with Red Lambda.  (Carter Aff. ¶ 9.)  Mr. Gill did not use or disclose any confidential or trade secret Arbor information in his employment at Red Lambda, and Red Lambda did not ask Mr. Gill for any Arbor confidential or trade secret information. (Supplemental Gill Aff. ¶ 3.)[2]  Similarly, Mr. McEachin has not used any confidential or trade secret Arbor information in his employment at Red Lambda, Red Lambda has not asked Mr.

---

[1] The Supplemental Affidavit of David Carter is attached hereto as Exhibit "A".  Mr. Carter's previous affidavit was submitted on July 25, 2012 [Dkt. 31].
[2] The Supplemental Affidavit of Mr. Gill is attached hereto as Exhibit "B".

McEachin for any Arbor confidential information, and Mr. McEachin has not disclosed any such information to Red Lambda.  (Supplemental McEachin Aff. ¶ 3.)[3]

Red Lambda was not involved in the retention of Arbor computers by Mr. Gill or Mr. McEachin, in the deletion of any data off such computers, or in the transfer of any such data to any other storage medium.  (Carter Aff. ¶ 10.)  In fact, Red Lambda did not become aware that Mr. Gill and Mr. McEachin had retained Arbor computers or deleted anything off of those computers until Red Lambda learned of Arbor's allegations in the days leading up to the present lawsuit.  (Carter Aff. ¶ 11.)  To the extent Mr. Gill or Mr. McEachin retained any Arbor computer or deleted data from any Arbor computer, they did so on their own, without any involvement or knowledge by Red Lambda.  (Id.)  Mr. Gill and Mr. McEachin both work out of their homes.  (Carter Aff. ¶ 12.)

The activities of Mr. Gill and Mr. McEachin discussed above were not done as part of their employment with Red Lambda, nor were these acts undertaken as agents of Red Lambda. (Supplemental McEachin Aff. ¶ 2; Supplemental Gill Aff. ¶ 2.)  The actions Mr. Gill and Mr. McEachin undertook with respect to their Arbor computers were done on their own and neither at the direction nor for the benefit of Red Lambda.  (Id.)  Red Lambda had no involvement in those actions, which Mr. Gill and Mr. McEachin undertook as former Arbor employees, not as Red Lambda employees.  (Id.)

## III.   **ARGUMENT**

### A.   **The Injunction Should be Modified to Omit Red Lambda as Red Lambda Cannot be Held Liable for Employees' Acts Outside the Scope of Employment**.

In Massachusetts, conduct falls within the scope of employment if: (i) the conduct is of the kind the employee is employed to perform; (ii) it occurs substantially within the authorized

---

[3] The Supplemental Affidavit of Mr. McEachin is attached hereto as Exhibit "C".

time and space limits; and (iii) it is motivated, at least in part, by a purpose to serve the employer. Merlonghi v. United States, 620 F.3d 50, 54-55 (1st Cir. 2010); see also Burroughs v. Com., 423 Mass. 874, 877 (1996). None of these elements have been met.

In short, the "scope of employment test" asks whether this is "the kind of thing that in a general way employees of this kind do in employment of this *kind*[.]" Burroughs, 672 N.E.2d at 1219 (emphasis in original). Both Mr. Gill and Mr. McEachin were hired by Red Lambda as solutions consultants. (July 26, 2012 Gill Aff. ¶ 27 [Dkt. 41]; July 26, 2012 McEachin Aff. ¶ 20 [Dkt. 43].) As solutions consultants, Mr. Gill and Mr. McEachin are expected "to identify ways that customers can best use the Red Lambda platform." (Id.) The retention of laptops not used to conduct Red Lambda business, and the deletion of data not transferred to or used by Red Lambda, is not conduct "of the kind" Mr. Gill or Mr. McEachin was "employed to perform." (July 26, 2012 Gill Aff. ¶¶ 19-26; July 26, 2012 McEachin Aff. ¶¶ 13-16; Carter Aff. ¶ 9; Supplemental Gill Aff. ¶ 2; Supplemental McEachin Aff. ¶ 2.)

Further, there is nothing in the record to support that the acts of Mr. Gill and Mr. McEachin were "within the authorized time and space limits" permitted by their employment with Red Lambda. Burroughs, 673 N.E.2d at 1219 (noting that conduct was "neither explicitly nor implicitly ordered or even requested by his superiors" in deciding that liability would not extend to employer for acts of employee). To the contrary, the undisputed evidence shows that Red Lambda specifically instructed these employees not to "use any confidential trade secret information of any third party in the course of [their] employment with Red Lambda." (Carter Aff. ¶ 8.) Thus, to the extent Mr. Gill and Mr. McEachin engaged in any alleged "wrongful" conduct, such actions did not come within the purview of their authority, nor has Arbor shown that such actions occurred at work or at a location or time directed by Red Lambda. See, e.g.,

Kelly v. Middlesex Corp., 35 Mass. App. Ct. 30, 32 (1993) (noting that burden was on the plaintiff to show that at the time of the injury, the defendant was acting within the scope of his employment); see also Vallavanti v. Armour & Co., 260 Mass. 417, 419 (1927) (noting that the plaintiff had failed to sustain the burden of proof resting upon him).   In fact, Red Lambda specifically provided Mr. Gill and Mr. McEachin with computers to use as part of their employment.  (Carter Aff. ¶ 12.)  Under these circumstances, there is insufficient evidence to justify an injunction of Red Lambda based upon the non-work related conduct of these employees.  See Vallavanti, 260 Mass. at 419-20 (refusing to hold employer liable for acts of employee who acted without authority and contrary to company policy prohibiting the conduct at issue).

Finally, there is no evidence that these acts were undertaken – in any part – to serve the interests of Red Lambda.  Both Mr. Gill and Mr. McEachin state that the acts at issue were not done for the benefit, or at the behest of, Red Lambda.  (Supplemental McEachin Aff. ¶ 2; Supplemental Gill Aff. ¶ 2.)  Red Lambda did not ask the employees to do so, did not know they had done so, and did not benefit at a result.  (Id.; Carter Aff. ¶¶ 9-11.)   Under these circumstances, entry of an injunction against Red Lambda is unwarranted.  See International Broth. of Police Officers, Local 433 v. Memorial Press, Inc., 31 Mass. App. Ct. 138, 141 (1991) (affirming directed verdict for employer as to vicarious liability claim where acts were "unauthorized, uncondoned, and contrary to the [defendant's] policies and interests."); Schlichte v. Granite Sav. Bank, 40 Mass. App. Ct. 179, 182 (1996) (tortious actions of employee in withdrawing customer funds for personal use were not part of the job or intended to benefit the bank, such that bank was not liable under doctrine of *respondeat superior* for losses caused by employee's actions).

24385639.1

**B.      The Injunction Should be Modified as Arbor's Allegations Upon Information and Belief Do Not Supply Adequate Factual Basis for an Injunction Against Red Lambda.**

Arbor's allegations relating to Red Lambda's involvement in the acts cited by the Court as the basis for its Injunction Order – i.e., Mr. Gill and Mr. McEachin's alleged retention of Arbor computers and/or the transfer or destruction of materials on those computers – are exclusively made upon "information and belief."  (Compl. ¶¶ 153, 207, 209.)  "As a general rule, an allegation that is supported on 'information and belief' does not supply an adequate factual basis for the granting of a preliminary injunction." Eaton v. Fed. Nat'l Mortg. Ass'n, 462 Mass. 569, 590 (2012) (citing Alexander & Alexander, Inc. v. Danahy, 21 Mass. App. Ct. 488, 494 (1986) (entering injunction but noting that the defendant's opposition would have merit "if all that supported the order were allegations made on information and belief"); see also Biogen Idec MA Inc. v. Trustees of Columbia Univ. in City of New York, 332 F. Supp. 2d 286, 296 (D.Mass. 2004) ("[A] preliminary injunction is not warranted by tenuous or overly speculative forecast of anticipated harm"); and Marshall Durbin Farms, Inc. v. Nat'l Farmers Org., Inc., 446 F.2d 353, 357 (5th Cir. 1971) ("the district courts have shown appropriate reluctance to issue such orders where the moving party substantiates his side of a factual dispute on information and belief").

Here, Arbor alleges only that:  (i)  "[u]pon information and belief, Red Lambda has benefited from Gill's and McEachin's misappropriation of Arbor's confidential information and trade secrets"; (ii) "[u]pon information and belief, Gill and McEachin misappropriated, exploited, and misused Arbor's trade secrets and/or confidential and proprietary information to benefit themselves and their new employer, Red Lambda …"; and (iii)  "[u]pon information and belief, Red Lambda knowingly benefited from Gill's and McEachin's misappropriation of Arbor's trade secrets."  (Am. Compl. ¶¶ 153, 207, 209.)  Such speculative allegations cannot

form the basis of an injunction.  The entry of an injunction against Red Lambda implies that it has committed some wrongful conduct when, in fact, it has not.  There is simply no evidence to support that this has occurred.

Moreover, with respect to Arbor's misappropriation of trade secrets claim, Massachusetts courts have expressly found that more than speculation that a competitor is using a stolen trade secret is needed to support an injunction.  <u>See</u> <u>EchoMail, Inc. v. Am. Exp. Co.</u>, 378 F. Supp. 2d 1, 3-4 (D.Mass. 2005).  In <u>EchoMail</u>, the plaintiff brought various claims, including a misappropriation of trade secrets claim against its client and a competitor and sought an injunction based upon that claim.  <u>Id.</u> Finding that the plaintiff's allegations of use were speculative and, therefore, insufficient to support an injunction, the Court reasoned that:

> EchoMail has presented no evidence, however circumstantial, that AmEx has used the information. Its unsupported speculation that AmEx might use the information at some point in the future or is presently using the information to evaluate EchoMail's competitors is unsupported by any evidence. Any inference that AmEx has used the information is too speculative to support the issuance of a preliminary injunction. Because Plaintiff has failed to convince this Court that its fears regarding AmEx's use of the information are well-founded, it is not likely to succeed on the merits of its misappropriation claim.

<u>Id.</u>  Arbor's misappropriation of trade secrets claim against Red Lambda suffers the same deficiency.  None of the allegations as to Red Lambda are supported by fact.  Each, instead, rests only on Arbor's speculation as to what might have occurred.  (Am. Compl. ¶¶ 207, 209.)

Under Massachusetts law, Arbor's allegations "upon information and belief" do not provide sufficient factual basis for an injunction, and Red Lambda asks this Court to modify its injunction to apply only to Mr. Gill and Mr. McEachin.

## IV.  **CONCLUSION**

Red Lambda respectfully asks the Court to modify the Injunction Order so as to render it applicable only to Mr. McEachin and Mr. Gill.  Arbor has not established a likelihood of success

24385639.1

on the merits of its claims as to Red Lambda as there is no basis for the imposition of vicarious

liability against Red Lambda, and Arbor has failed to make sufficient factual allegations with

respect to Red Lambda regarding the acts on which this Court based the Injunction Order.

Moreover, even in the absence of the Injunction Order, Red Lambda understands that it remains

bound by law to preserve relevant evidence.

 

 

Respectfully submitted,

RED LAMBDA, INC.

By its attorneys,

*/s/ Thomas A. Dye*
**CARLTON FIELDS, P.A.**
Thomas A. Dye, Esq. (*Admitted pro hac vice*)
Florida Bar No. 335207
CityPlace Tower
525 Okeechobee Blvd., Suite 1200
West Palm Beach, Florida 33401
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
E-mail: tadye@carltonfields.com

**BECK REED RIDEN LLP**
Russell Beck (BBO # 561031)
Stephen D. Riden (BBO # 644451)
155 Federal Street, Suite 1302
Boston, MA 02110
Telephone: (617) 500-8660
Facsimile: (617) 500-8665
Email:  rbeck@beckreed.com
Email: sriden@beckreed.com

Date: August 10, 2012

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified in the Notice of Electronic Filing and

paper or electronic copies will be delivered to those indicated as non-registered participants on

this date.


                                         */s/ Stephen D. Riden*

                                         **BECK REED RIDEN LLP**
                                         Russell Beck (BBO # 561031)
                                         Stephen D. Riden (BBO # 644451)
                                         155 Federal Street, Suite 1302
                                         Boston, MA 02110
                                         Telephone: (617) 500-8660
                                         Facsimile: (617) 500-8665
                                         Email: rbeck@beckreed.com
Date: August 10, 2012                             Email: sriden@beckreed.com

24385639.1

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No. 1:12-cv-11322-NMG

ARBOR NETWORKS, INC.,

      Plaintiff,

v.

WILLIAM E. RONCA III, RICHARD SHIRLEY,
DOUGLAS FLEMING, JAMES GILL, JAMES
NEEL, JASON MCEACHIN, MICHAEL L.
PORTER, ANDREW HENKART, PAUL
SCANLON, MICHAEL HOLLYMAN,
and RED LAMBDA, INC.,

      Defendants.

_____/

## AFFIDAVIT OF DAVID CARTER

STATE OF ALABAMA        )
                            ) SS:
COUNTY OF JEFFERSON     )

I, David Carter, do hereby states as follows:

1.      My name is David Carter.  I make this affidavit upon personal knowledge or review of company records, except where stated to be on my information and belief, in which case, I believe such facts to be true.

2.      My affidavit is submitted without waiving any defenses, including jurisdictional or venue defenses, that Red Lambda, Inc. ("Red Lambda") may have in this action.

3.      I am the Chief Financial Officer of Red Lambda.

4.      Red Lambda is a Florida corporation with its headquarters in Orlando, Florida. Red Lambda's technology originated from groundbreaking research at the University of Florida. Red Lambda is a Florida corporation with a principal place of business at 2180 West State Road 434, Suite 6184, Longwood, Florida 32779.

5.      Red Lambda had no intent to interfere with any agreements between Arbor and anyone else, including our employees.

6.      Red Lambda was originally formed in 2005 and licensed its base technology from the University of Florida.   Red Lambda combines breakthrough inventions in virtual supercomputing and artificial intelligence to transform the speed, value and delivery of security and operations in the Big Data product market.

7.      Red Lambda did not hire any of the individuals who used to work at Arbor to obtain trade secret or confidential information about Arbor or its products, but rather to obtain a competent sales and support team which understands large scale network infrastructure.

8.      When Mr. McEachin and Mr. Gill were hired by Red Lambda, their employment offer contained the enclosed language:

> Red Lambda expects you to abide by any continuing enforceable obligations you may have to prior employers or others.  We do not want you to breach any such obligations or to use any confidential trade secret information of any third party in the course of your employment with Red Lambda.

9.      To the best of Red Lambda's knowledge, neither Mr. Gill nor Mr. McEachin transferred any Arbor trade secret or confidential information to Red Lambda's computer system or used any such Arbor information or computers (PCs) in their employment with Red Lambda.

10.     Red Lambda had no involvement in retention by Mr. Gill or Mr. McEachin of any Arbor computers (PCs), the deletion of any data from those computers, or the transfer of any such data to any other storage medium.

11.     To the extent Mr. Gill or Mr. McEachin retained any Arbor computer (PCs) or deleted data from any Arbor computer, they did so on their own, without any involvement or knowledge by Red Lambda.

12.     Mr. Gill and Mr. McEachin both work out of their homes.  When they came to work for Red Lambda, they were issued Red Lambda Apple PCs to conduct Red Lambda business.

I declare that the facts stated in this Affidavit are true and correct under penalty of perjury.

SIGNED AND DATED:  August 9, 2012.

*/s/ David Carter*

DAVID CARTER

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARBOR NETWORKS, INC. <br><br> Plaintiff <br><br> v. <br><br> WILLIAM E. RONCA III, et al. <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   C.A. No. 12-11322-FDS <br> ) <br> ) <br> ) <br> ) |

## SUPPLEMENTAL AFFIDAVIT OF JAMES GILL

I, James Gill, state as follows:

1.   My name is James Gill.  I am a defendant in this action and submit this affidavit without waiving any defenses, including jurisdictional or venue defenses, and to supplement my affidavit dated July 26, 2012.

2.   The actions I took with respect to my Arbor laptop were done on my own and were neither at the direction of nor for the benefit of Red Lambda.  Red Lambda had no involvement in those actions, which I undertook as a former Arbor employee, not as a Red Lambda employee.

3.   Since I left Arbor in March 2012, I have not used or disclosed any confidential or trade secret Arbor information in my employment at Red Lambda or otherwise.  Red Lambda has never asked me for any Arbor confidential or trade secret information.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 9th DAY OF AUGUST 2012.

/s/ James Gill [paper document bears original signature]
James Gill

# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ARBOR NETWORKS, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 12-11322-FDS |
| WILLIAM E. RONCA III, et al. | ) | |
| | ) | |
| Defendants | ) | |

**SUPPLEMENTAL AFFIDAVIT OF JASON MCEACHIN**

I, Jason McEachin, state as follows:

1.      My name is Jason McEachin.  I am a defendant in this action and submit this affidavit without waiving any defenses, including jurisdictional or venue defenses, and to supplement my affidavit dated July 26, 2012.

2.      The actions that I took with my Arbor computer were undertaken on my own.  I did not consult with or receive any instructions from Red Lambda about my Arbor computer, nor were my actions done on behalf or for the benefit of Red Lambda.  Red Lambda had no involvement in those actions, which I took as a former Arbor employee, not as a Red Lambda employee.

3.      Since leaving Arbor in March 2012, I have not used any confidential or trade secret Arbor information in my employment at Red Lambda or otherwise.  Red Lambda has never asked me for any Arbor confidential information and I have never disclosed Arbor confidential information to Red Lambda or to anyone else.

    4.      I transferred Arbor information onto a USB drive for the purpose of returning it to Arbor.  Once I returned the USB drive, I no longer had access to the information on it.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 10th DAY OF AUGUST 2012.

        /s/ Jason McEachin [paper document bears original signature]
        JASON MCEACHIN