UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARBOR NETWORKS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-11322-FDS |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM E. RONCA, III, RICHARD | ) | |
| SHIRLEY, DOUGLAS FLEMING, | ) | |
| JAMES GILL, JAMES NEEL, | ) | |
| JASON MCEACHIN, MICHAEL L. | ) | |
| PORTER, ANDREW HENKART, | ) | |
| PAUL SCANLON, MICHAEL | ) | |
| HOLLYMAN, and RED LAMBDA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RED LAMBDA, INC.'S MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Red Lambda, Inc. ("Red Lambda"), by and through its undersigned counsel, hereby moves to dismiss Count IV (Intentional Interference with Contractual Relations) and Count V (Violation of Mass. Gen. Laws c. 93A) of the First Amended Complaint filed by Plaintiff Arbor Networks, Inc. ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). Red Lambda sets out the grounds for this Motion below.

## I.      Introduction

Plaintiff, Arbor, alleges that Red Lambda has violated the law of Massachusetts by hiring several former employees of Arbor.  The Complaint fails to state a cause of action against Red Lambda under either count.

Count IV alleges tortious interference with Arbor's employment agreement with its former employees.  Hiring an employee even if the new employer knows of a non-compete

agreement with a prior employer, is not actionable unless there is an allegation of facts of an improper motive or means.  A legitimate business purpose of hiring an employee is not an improper motive or means.  Under Massachusetts law, Plaintiff's intentional interference claim lacks any factual allegations as to two necessary elements of the claim, i.e. that Red Lambda knowingly induced the Individual Defendants to breach their employment contracts with Arbor, and that Red Lambda's alleged actions were improper in motive or means.  Conclusory allegations in paragraphs 190-193 of the First Amended Complaint are not enough to state a cause of action.

Count V under Mass. Laws Ch. 93A also fails to state a cause of action.  Massachusetts law of unfair trade practices in Chapter 93A does not apply where (1) the claims at issue arise from employment agreements, or (2) where the claims arise from acts primarily and substantially outside the Commonwealth of Massachusetts.

## II.    Legal Authority and Analysis

In order . . . "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim for relief that is both actionable as a matter of law and 'plausible on its face.'"  Ruggers, Inc. v. United States, 736 F.Supp.2d 336, 339 (D. Mass. 2010) (Ponsor, J.) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted)).  Although it is generally true that, in deciding a motion under Rule 12(b)(6), the facts alleged in a complaint must be taken as true, conclusory allegations are not sufficient to withstand a motion to dismiss.  Ultimately a complaint must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Ruggers, at 339. (quoting Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008))

A.   <u>Plaintiff's Intentional Interference Claim Fails as a Matter of Law.</u>

In Count IV of the Amended Complaint, Plaintiff provides mere conclusory allegations in paragraphs 190-193 that Red Lambda intentionally interfered for an improper purpose or with improper means with Plaintiff's contractual relations with the Individual Defendants.

> In order to make out a claim for intentional interference with business relationship, the plaintiff must set forth facts which would show that "(1) he had a contract with a third party; (2) the defendant knowingly induced the third party to break that contract; (3) the defendant's interference, in addition to being intentional, was improper in motive or means; and (4) the plaintiff was harmed by the defendant's actions."

<u>Draghetti v. Chmielewski</u>, 416 Mass. 808, 626 N.E.2d 862, 868 (Mass. 1994).

To survive a motion to dismiss, Plaintiff must allege facts to support each element of its intentional interference claim.  <u>Berner v. Delahanty</u>, 129 F.3d 20, 25 (1st Cir. 1997).  Plaintiff has not done so.

Plaintiff has pled no facts to support its conclusory allegation that Red Lambda knowingly induced the Individual Defendants to breach their contracts, or that Red Lambda's alleged interference was improper in motive or means.   Accordingly, the claim should be dismissed.  See <u>Ruggers, Inc. v. United States</u>, 736 F.Supp.2d 336, 343 (D. Mass. 2010) (Ponsor, J.) (granting motion to dismiss where facts showing knowing inducement were not alleged); <u>see also</u> <u>Wright v. Shriners Hosp. for Crippled Children</u>, 412 Mass. 469, 476 (1992).

Judge Posner, in <u>Rugger</u>, stated:

> Although Plaintiff's allegations are arguably sufficient to demonstrate that there was a contract between Plaintiff and USA Rugby and that Plaintiff was harmed as a result of this contract being breached, the claim that Under Armour knowingly induced the breach appears to rest on mere suspicion alone.  More is required to survive a motion to dismiss. <u>Twombly</u>, 550 U.S. at 555, 127 S.Ct. 1955 (<u>quoting</u> 5C. <u>Wright & A. Miller</u>, <u>Federal Practice and Procedure</u> § 1216, pp. 235-236 (3d Ed. 2004) "[f]actual allegations must be enough to raise a right to relief above the speculative level).  Plaintiff's failure to allege even minimal facts regarding the who, what, when and where on the "knowing inducement" element of its claim

deprives Armour of fair notice of the grounds of Plaintiff's claim as applied to it. <u>Accord Educadores Puertorriquenos en Accion</u>, <i>367 F.3d at 66.</i>

Arbor's conclusory allegations that Red Lambda knowingly induced the Individual Defendants to act is based on speculation that "Red Lambda knew or should have known" that the Individual Defendants would breach certain agreements with Arbor by accepting employment with Red Lambda or soliciting certain customers is not enough. (Am. Compl. ¶¶ 190-191.) Such conclusory allegations have been specifically found to be insufficient by Massachusetts courts. "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." <u>Ocasio-Hernández v. Foruno-Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011).

Without alleging facts showing knowledge that hiring by Red Lambda constitutes a breach, there can be no "knowing inducement." <u>See</u> <u>Laudano v. 214 South Street Corp., Inc.</u>, 608 F.Supp.2d 185 (D. Mass. 2009) (Young, J.) (granting motion to dismiss intentional interference claim where knowing inducement was not sufficiently alleged.) "It is axiomatic that a defendant cannot intentionally and tortiously interfere with a contract when [it] is unaware of its existence." <u>Id.</u> at 196. Without Red Lambda's knowing inducement of the Individual Defendants to breach their agreements with Arbor, there can be no tortious interference by Red Lambda.

Similarly, Plaintiff's conclusory allegation that "Red Lambda had an improper motive and used improper means" is also not sufficient. (Am. Compl. ¶ 192.) The third element of the tortious interference count requires facts to be plead of "improper motive or means." Plaintiff must allege facts demonstrating not only "that defendant intentionally interfered with a business relationship but also that defendant had a duty of non-interference; <u>i.e.</u> that he interfered for an improper purpose rather than for a legitimate one, or that defendant used improper means which

resulted in injury to plaintiff."  <u>United Truck Leasing Corp. v. Geltman</u>, 406 Mass. 811, 551 N.E.2d 20 Fn. 8 (1990).

Count IV for tortious interference against Red Lambda should be dismissed as no facts are alleged demonstrating that Red Lambda intentionally interfered with Plaintiff's agreements nor hired the employees for an illegitimate purpose or by using improper means.

      B.      **Plaintiffs Cannot Allege A Chapter 93A Claim Based On An Employment Agreement Or For Acts Outside Massachusetts**

Chapter 93A only gives rise to a cause of action by "[a]ny person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice …"  Mass. Gen. Laws c. 93A § 11.  Plaintiff's Chapter 93A claim fails to state a claim as a matter of law on which relief may be granted for two separate, independent reasons.  (Am. Compl. ¶¶ 198-203 [Dkt. 57].)  First, Plaintiff's claim arises from its former employment relationship with the Individual Defendants, and disputes arising out of the employer-employee relationship are not cognizable under Section 93A.  Second, Plaintiff has not – and cannot – allege that the conduct of Red Lambda at issue in this case arose "primarily and substantially" in Massachusetts, as is required by Section 93A.  Accordingly, Plaintiff's Section 93A claim is subject to dismissal with prejudice.

      1.      **Plaintiff's Claim Under Section 93A Fails Because it Arises from Arbor's Employment Relationship with the Individual Defendants.**

"Disputes arising out of the employment relationship between an employer and an employee are not cognizable under c. 93A."  <u>Manning v. Zuckerman</u>, 388 Mass. 8, 12, 444 N.E.2d 1262 (1983); <u>see also</u> <u>Kaplan v. Home Depot USA, Inc.</u>, 1998 WL 259904 (D. Mass. April 30, 1998) (O'Toole, J.) (dismissing Chapter 93A claim because it arose from an

employment relationship).   Chapter "93A was intended to refer to individuals acting in a business context in their dealings with other business persons and not to every commercial transaction whatsoever."   Manning, 388 Mass. at 10.   "[T]he Legislature did not intend the statute to cover employment contract disputes between employers and employees who work in the employer's organization …"   Id. at 12.   These excluded disputes include those at issue here, between an employee's former and current employers.   See TalentBurst, Inc. v. Collabera, Inc., 567 F. Supp. 2d 261, 263 (D. Mass. 2008) (Young, J.) (dismissing Chapter 93A claim because it arose from an employment relationship); see also Intertek Testing Services NA v. Curtis-Strauss LLC, 2000 WL 1473126, at *11-12 (Super. Ct. Aug. 8, 2000) (same).

The factual bases for Plaintiff's Chapter 93A claim is its allegation that "Red Lambda aided and abetted the Individual Defendants' breaches of their respective agreements with Arbor and thereby tortiously interfered with Arbor's contractual relationships."   (Am. Compl. ¶ 201.) These "agreements," attached to the Complaint as Exhibits A, B, and C, were each entered into by the Individual Defendants as part of their employment with Arbor.   (Am. Compl. ¶¶ 59, 68, & 81.)  Similar claims are routinely dismissed by Massachusetts state and federal courts based upon the reasoning of the Massachusetts Supreme Court in Manning:

> An employee and an employer are not engaged in trade or commerce with each other.  As a result, disputes arising from an employment relationship between an employee and the organization that employees him, or between an employee and other members of that organization are not covered by the c. 93A remedies afforded in commercial transactions …

Manning, 388 Mass. at 14; see also Scholz Design, Inc. v. Liquori, 659 F.Supp.2d 275 (D. Mass. Oct. 5, 2009) (Ponsor, J.) (dismissing Section 93A claim because it was not based on the "conduct of any trade or commerce").

Two cases on point are discussed here.  In <u>TalentBurst, Inc. v. Collabera, Inc.</u>, 567 So.2d 261 (D. Mass. 2008), TalentBurst brought a Section 93A claim against a subsequent employer, Collabera, based on Collabera's alleged tortious interference with TalentBurst's employment relationship with a former employee.  <u>TalentBurst</u>, 567 F. Supp. 2d at 263.  The Court dismissed the claim, holding "that a chapter 93A [claim] cannot, as a matter of law, derive from a tortious interference claim in these circumstances."  <u>Id.</u> at 270-71.

Similarly, in <u>Intertek Testing Services NA v. Curtis Strauss LLC</u>, 2000 WL 1473126 (Super. Ct. 2000), Intertek brought suit against a subsequent employer for hiring four of its former employees.  Intertek alleged that the new employer intentionally interfered with the former employees' contractual relations with it, in violation of Section 93A.  2000 WL 1473126, at *1.  The <u>Intertek</u> court dismissed the Chapter 93A claim against the new employer on summary judgment, holding that the tortious interference claim against the new employer based on employment agreements was not actionable under Chapter 93A.  <u>Id.</u> at *11-12.  The <u>Intertek</u> court reasoned that "[i]f the actual willful breach of a non-compete agreement by an employee is not actionable  under c. 93A because the claim arose from the employment relationship, then the conduct of a third party to induce such a breach must also not be actionable because this claim, too, arose from the employment relationship."  <u>Id.</u> at *11.

Under the same rationale applied by these and other First Circuit courts, Plaintiff's Chapter 93A claim fails as a matter of law and should be dismissed by this Court.

> 2. Plaintiff's Chapter 93A Claim Fails as a Matter of Law as No Facts Are Alleged Showing That It Is Based Upon Conduct Primarily and <u>Substantially Within the Commonwealth.</u>

According to the express language of the statute, a Chapter 93A claim cannot be maintained when a defendant's allegedly wrongful conduct occurred primarily in other

jurisdictions:  "[N]o action shall be brought or maintained under this section unless the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred ***primarily and substantially within the commonwealth***."  Mass. Gen. Laws. Ch. 93A (emphasis added); <u>Kenda Corp., Inc. v. Pot O'Gold Money Leagues, Inc.</u>, 329 F.3d 216, 234 (1st Cir. 2003) ("Chapter 93A permits relief only for unfair or deceptive actions that primarily and substantially occur within the Commonwealth of Massachusetts").

Plaintiff pleads no facts to support its conclusory allegation that Red Lambda's allegedly wrongful conduct in hiring the Individual Defendants occurred in the Commonwealth of Massachusetts.  Instead, Arbor pleads only the legal conclusion that "[t]he conduct constituting violations of M.G.L. c. 93A occurred primarily and substantially in Massachusetts."  (Am. Compl. ¶ 199.)  This bare legal conclusion is entitled to no presumption of truth by this Court. <u>See</u> e.g., <u>Tomaselli</u>,  2010 WL 2105347 at * 4.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'  Such conclusory statements are 'not entitled to the assumption of truth.'"  <u>Id.</u> (quoting <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

<u>Iqbal</u>, 129 S. Ct. at 1949, 173 L. Ed. 2d 868 (internal citations omitted).

In the absence of any factual allegations supporting the requirement that Red Lambda's allegedly wrongful conduct occurred "primarily and substantially within the commonwealth[,]" this count must be dismissed. The Complaint's allegations actually support the opposite. All the individual defendants are alleged to live outside of the State of Massachusetts. Red Lambda is alleged to be a Florida corporation with its' principal place of business in Florida. No allegation of any act which forms the basis of the claim, i.e., the recruitment and hiring of Individual Defendants, is alleged to have occurred in Massachusetts. Plaintiff's claim under Chapter 93A should be dismissed on both the grounds asserted. See Ruggers, 736 F.Supp.2d at 339 (a complaint must set forth factual allegations respecting each material element necessary to sustain recovery under some actionable legal theory.'").

WHEREFORE, Defendant Red Lambda respectfully requests the Court to enter an Order dismissing Counts IV and V of the Amended Complaint.

Respectfully submitted this 14th day of September, 2012.

s/ Thomas A. Dye
**CARLTON FIELDS, P.A.**
Thomas A. Dye, Esq. (*Admitted pro hac vice*)
Florida Bar No. 335207
CityPlace Tower
525 Okeechobee Blvd., Suite 1200
West Palm Beach, Florida 33401
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
E-mail: tadye@carltonfields.com

**BECK REED RIDEN LLP**
Russell Beck (BBO # 561031)
Stephen D. Riden (BBO # 644451)
155 Federal Street, Suite 1302
Boston, MA 02110
Telephone: (617) 500-8660
Facsimile: (617) 500-8665
E-mail: rbeck@beckreed.com
E-mail: sriden@beckreed.com

*Attorneys for Red Lambda, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper or electronic copies will be delivered to those indicated as non-registered participants on September 14, 2012.

*s/ Thomas A. Dye*
**CARLTON FIELDS, P.A.**
Thomas A. Dye, Esq. (*Admitted pro hac vice*)
Florida Bar No. 335207
CityPlace Tower
525 Okeechobee Blvd., Suite 1200
West Palm Beach, Florida 33401
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
E-mail: tadye@carltonfields.com

**BECK REED RIDEN LLP**
Russell Beck (BBO # 561031)
Stephen D. Riden (BBO # 644451)
155 Federal Street, Suite 1302
Boston, MA 02110
Telephone: (617) 500-8660
Facsimile: (617) 500-8665
E-mail: rbeck@beckreed.com
E-mail: sriden@beckreed.com

*Attorneys for Red Lambda, Inc.*