UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARBOR NETWORKS, INC. )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>WILLIAM E. RONCA, III, RICHARD )<br>SHIRLEY, DOUGLAS FLEMING, )<br>JAMES GILL, JAMES NEEL, )<br>JASON MCEACHIN, MICHAEL L. )<br>PORTER, ANDREW HENKART, )<br>PAUL SCANLON, MICHAEL )<br>HOLLYMAN, and RED LAMBDA, INC., )<br>)<br>   Defendants. )<br>) | Case No. 1:12-cv-11322-FDS<br><br>**LEAVE TO FILE GRANTED<br>ON SEPTEMBER 18, 2012** |

**REPLY IN SUPPORT OF MOTION TO REMOVE DEFENDANT
RED LAMBDA, INC. FROM THE PRELIMINARY INJUNCTION**

Defendant Red Lambda, Inc. ("Red Lambda") submits the following reply in support of its motion to remove Red Lambda from the preliminary injunction order entered in this case on August 8, 2012 [Dkt. 67] (the "Injunction Order"). In support, Red Lambda states as follows:

A.    The Injunction Order Was Entered Against
       Red Lambda on the Basis of Vicarious Liability.

In opposing Red Lambda's Motion to Remove, Plaintiff wrongly argues that vicarious liability did not form the basis of this Court's Order. (Pl's Opp'n Brief 1.) Specifically, Plaintiff states that "[t]his Court need not undertake an analysis of Massachusetts *respondeat superior* law in order to [grant the requested injunction], and Red Lambda's Motion confuses the issues by including such an analysis." Id.  A reading of the Injunction Order and the transcript from this Court's hearing on the matter, however, demonstrates that this analysis is germane to the issuance of an injunction under the facts of this case and was relied upon by this Court in doing so.

24385639.1

In entering the Injunction Order, this Court found that Arbor Networks, Inc. ("Arbor") was likely to succeed on the merits of certain claims based upon the acts of Defendants Gill and McEachin, undertaken "either on their own initiative or as agents of Red Lambda" (Injunction Order 2), and noted that the Order was further supported by the Court's "reasons stated on the record in open court at the hearing" on Plaintiff's motions for temporary restraining order and preliminary injunction:

> [I]t seems to me that to the extent that any actions were undertaken, as agents of Red Lambda, the company is on the hook, for example, you know, if Mr. Gill, for example, did misappropriate or destroy evidence or whatever, then Red Lambda, presumably as the principal, could be responsible …

Id. at p. 1; (Transcript of August 7, 2012 Hearing 72:21-73:3 [Dkt. 87]; relevant portions are attached hereto as Exhibit A.) The Injunction Order against Red Lambda was based upon a finding of vicarious liability. Id.

    B.    No Showing that Gill and McEachin Acted Within the Scope of Red Lambda's Employment in Handling Arbor Laptops.

As discussed in greater detail in Red Lambda's Motion to Remove, vicarious liability does not exist where, as here, the individual defendants' acts were not within the scope of their employment with Red Lambda. Burroughs v. Com., 423 Mass. 874, 877 (1996) (the "scope of employment test" asks whether this is "the kind of thing that in a general way employees of this kind do in employment of this *kind*[.]"). There is nothing in the record to support that the alleged acts of Gill or McEachin were of the kind they were employed to perform, occurred substantially within the time and space limits authorized by Red Lambda, or that these alleged acts were motivated in any part by the purpose of serving Red Lambda. See Merlonghi v. United States, 620 F.3d 50, 54-55 (1st Cir. 2010) (setting out the standard for a finding of vicarious liability). Because vicarious liability does not here exist, the Injunction Order should be modified to omit

2

Red Lambda.  See Vallavanti v. Armour & Co., 260 Mass. 417, 419 (1927) (refusing to hold employer liable for acts of employee who acted without authority and contrary to company policy prohibiting the conduct at issue); and Schlichte v. Granite Sav. Bank, 40 Mass. App. Ct. 179, 182 (1996) (tortious actions of employee in withdrawing customer funds for personal use were not part of the job or intended to benefit the bank, such that bank was not liable under doctrine of *respondeat superior* for losses caused by employee's actions).

Moreover, Plaintiff's argument that an injunction should be entered in the absence of vicarious liability wrongly relies upon cases where evidence of a defendant's "knowing benefit" from trade secrets misappropriated by another was already before the Court.  See Atlas Box and Crating Co. Inc. v. Valerus, 2005 WL 3721353 (Mass. Super. Dec. 2, 2005) and Optos, Inc. v. Topcon Medical Systems, Inc., 777 F.Supp.2d 217 (D. Mass. 2011) (J. Casper).  For example, Plaintiff discusses, at length, the unpublished Atlas decision.  Unlike the present case, Atlas involved an undisputed competitor's alleged use of trade secret information where the Court had before it at the time it entered the injunction evidence "from a former employee of the corporate defendant, that the two individual[ defendants] … broadcast their acquisition of this information implying their willingness to use it in favor of their new employer and against the interests of their former employer."  Id. at *1.  Similarly, in Optos, at the time Judge Casper entered the injunction, the Court had before it copies of emails submitted to show that the employee "had in fact shared Optos' confidential information with Topcon and that, at the times the emails were sent, [that employee] and Topcon were using this information to attempt to recruit customers away from Optos to Topcon."  Id. at 225.  Unlike Atlas and Optos, Plaintiff has not only failed to provide the Court with evidence to support that this is the case, it has not even made factual allegations to support it.   There are no factual allegations in the Amended Complaint that Red

3

Lambda used any of Plaintiff's "trade secrets," much less that Red Lambda did so knowingly.

Plaintiff has not shown a likelihood of success on the merits as to Red Lambda, and Red Lambda asks this Court to remove it from the Injunction Order.

        Respectfully submitted,

        RED LAMBDA, INC.

        By its attorneys,

        /s/ Thomas A. Dye
        **CARLTON FIELDS, P.A.**
        Thomas A. Dye, Esq. (*Admitted pro hac vice*)
        Florida Bar No. 335207
        CityPlace Tower
        525 Okeechobee Blvd., Suite 1200
        West Palm Beach, Florida 33401
        Telephone: (561) 659-7070
        Facsimile: (561) 659-7368
        E-mail: tadye@carltonfields.com

        **BECK REED RIDEN LLP**
        Russell Beck (BBO # 561031)
        Stephen D. Riden (BBO # 644451)
        155 Federal Street, Suite 1302
        Boston, MA 02110
        Telephone: (617) 500-8660
        Facsimile: (617) 500-8665
        Email:  rbeck@beckreed.com
Date: September 18, 2012        Email: sriden@beckreed.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper or electronic copies will be delivered to those indicated as non-registered participants on this date.

|  |  |
|---|---|
|  | */s/ Russell Beck Reed Riden LLP* <br> **BECK REED RIDEN LLP** <br> Russell Beck (BBO # 561031) <br> Stephen D. Riden (BBO # 644451) <br> 155 Federal Street, Suite 1302 <br> Boston, MA 02110 <br> Telephone: (617) 500-8660 <br> Facsimile: (617) 500-8665 <br> Email: rbeck@beckreed.com |
| Date: September 18, 2012 | Email: sriden@beckreed.com |

24385639.1